UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ramon Calderon-Zuniga<br>(A-Number: A-220-715-369),<br><br>Petitioner,<br><br>v.<br><br>Warden, California City Correctional Center; Field Office Director, San Diego Field Office, United States Immigration and Customs Enforcement; Todd M. Lyons, Acting Director, United States Immigration and Customs Enforcement; Kristi Noem, Secretary of Homeland Security; Pamela Jo Bondi, United States Attorney General,<br><br>Respondents. | No.  2:26-cv-01176-KES-CDB (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING BOND HEARING WITHIN FOURTEEN DAYS<br><br>Doc. 1 |

Petitioner Ramon Calderon-Zuniga is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 2.  The Court has previously addressed the legal issues raised by claim two of the petition.  *See, e.g.*, *Yon Kervis U. v. Chestnut*, No. 1:25-CV-2066-KES-SAB (HC), 2026 WL 88983 (E.D. Cal. Jan. 12, 2026); *Guzman v. Andrews*, No. 1:25-CV-01015-KES-SKO (HC), 2025 WL 2617256 (E.D. Cal. Sept. 9, 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-

1

KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 4. While respondents oppose the petition, they do not raise any new legal arguments.[1] *See* Doc. 6. Respondents assert that this case is factually distinguishable because petitioner's re-detention followed an arrest by law enforcement. *Id.* at 2. Respondents maintain that petitioner is subject to detention under 8 U.S.C. § 1225(b), and they do not argue that that the statutory authority to detain petitioner shifted to 8 U.S.C. § 1226(c). *See id.* at 1–2. While the circumstances of petitioner's arrests may be relevant to a neutral decisionmaker's determination as to whether petitioner is entitled to bond, it does not eliminate petitioner's right to such determination.

As respondents have not made any new legal arguments and have not identified any pertinent factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Yon Kervis U. v. Chestnut*, No. 1:25-CV-2066-KES-SAB (HC), 2026 WL 88983 (E.D. Cal. Jan. 12, 2026), *Guzman v. Andrews*, No. 1:25-CV-01015-KES-SKO (HC), 2025 WL 2617256 (E.D. Cal. Sept. 9, 2025), *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N.*

---

[1] Respondents also request, in the alternative, that the Court hold this case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which concerns the issue of whether § 1226(a) or § 1225(b)(2) applies to individuals who entered the country without inspection, were not apprehended by immigration authorities upon arrival, and are not subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231. *See* Doc. 6 at 2. But here immigration officials did previously apprehend petitioner, and they released him after implicitly determining that he did not pose a flight risk or a danger. The issue is whether the Due Process Clause requires a pre-deprivation hearing prior to his *re-detention*. Given the different circumstances in this case, and the nature of the relief petitioner seeks, the Court declines to hold this case in abeyance pending the *Rodriguez* appeal.

*v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the petition for writ of habeas corpus is GRANTED as to claim two, for the reasons addressed in those prior orders.[2]

Respondents are ORDERED to provide petitioner Ramon Calderon-Zuniga (A-Number: A-220-715-369) with a bond hearing before a neutral decisionmaker within fourteen (14) days of the date of this Order.  Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 48 hours' written notice before the bond hearing.  At that bond hearing, it is respondents' burden to demonstrate by clear and convincing evidence that petitioner is a flight risk or danger to the community.  If respondents do not provide petitioner with a bond hearing within fourteen days then respondents must release him.

The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

Dated:   April 8, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[2] The Court need not address petitioner's other claim as petitioner is entitled to the relief he seeks based on the Court's ruling on claim two.

3